J-A17043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWMBS 2004-R2 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JACQUELINE M. JOHNSON | |
| Appellant | No. 3409 EDA 2014 |

Appeal from the Order Entered November 14, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): September Term, 2010 No. 3793

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 15, 2015**

Appellant, Jacqueline M. Johnson, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied her petition to strike a default judgment entered in favor of Appellee, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders of CWMBS 2004-R2.  We affirm.

The relevant facts and procedural history of this appeal are as follows.

> This case commenced September 29, 2010, with the filing of a complaint in mortgage foreclosure on the premises of 936 E. Phil Ellena Street, Philadelphia, PA 19150 by Appellee….  The complaint averred that Appellant was in default on a mortgage recorded at No. 0451, page 339, in the Office of the Recorder of Philadelphia County, and assigned at Mortgage Instrument No. 51951797.

On August 30, 2011, Appellee filed a Motion for Alternative Service, which averred that attempts to serve Appellant have been unsuccessful and that, following a good faith investigation, Appellant had no change of address on record from the mortgaged premises.

On September 9, 2011, [the trial court] granted Appellee's Motion for Alternative Service and allowed service of the complaint upon Appellant at 936 E. Phil Ellena Street, Philadelphia, PA 19150, by certified mail, first class regular mail, and posting of the premises.

On September 20, 2011, Appellee filed an Affidavit of Service of the Complaint by regular mail and certified mail, return receipt requested, to Appellant at 3028 N. 26th Street, Philadelphia, PA 19132 and 936 E. Phil Ellena Street, Philadelphia, PA 19150 on September 19, 2011.

On September 22, 2011, Appellee filed an Affidavit of Service of the Complaint by posting of the premises at 936 E. Phil Ellena Street, Philadelphia, PA 19150 on September 20, 2011, at 11:30 a.m.

On December 11, 2011, Appellee filed a *Praecipe* for Judgment by Default in the amount of $145,602.28.

On March 13, 2012, Appellee filed a *Praecipe* for Writ of Execution.

On April 18, 2012, Appellee filed a Motion to Reassess Damages.

On May 17, 2012, [the trial court] amended the *in rem* judgment to a total of $168,095.41 plus interest from June 5, 2012 through the date of sale at six (6) percent per annum.

On May 21, 2012, Appellee filed an Affidavit of Service of Notice of Sale upon Appellant by certified mail and first class regular mail.

On July 13, 2012, the Writ was returned as the sale was stayed by Appellee's attorney.

On May 16, 2013, another *Praecipe* for Writ of Execution was filed on behalf of Appellee.

On August 13, 2013, Appellee filed an Affidavit of Service of Notice of Sale upon Appellant by certified mail and first class regular mail to 936 E. Phil Ellena Street, Philadelphia, PA 19150 on June 7, 2013.

On August 23, 2013, Appellant filed a Motion to Postpone Sheriff's Sale and a Petition to Open Judgment. That same day, [the trial court] issued a Rule to Show Cause why the Motion to Postpone should not be granted. In her Petition to Open, Appellant argued that she had not been served and that she was incarcerated at the time the petition was served.

On September 5, 2013, [the trial court] granted Appellant's Motion to Postpone and postponed the Sheriff's Sale until December 3, 2013, with no further notice or advertisement to be required.

On September 12, 2013, Appellee filed an Answer in Opposition to Appellant's Petition to Open Judgment. Appellee denied Appellant's averments and further attested that the Complaint had been properly served after the grant of a Motion for Alternative Service, and that Appellant had not demonstrated a meritorious defense, filed a timely petition, or offered a reasonable excuse as to why the petition had not been timely filed.

On October 29, 2013, [the trial court] denied Appellant's Petition to Open Judgment.

On October 31, 2013, the case was placed in deferred status due to Appellant's pending bankruptcy.

On August 27, 2014, the case was removed from deferred status.

On September 5, 2014, Appellee filed a *Praecipe* for Writ of Execution.

On September 26, 2014, Appellee filed an Affidavit of Service on Appellant by posting the premises of 936 E. Phil

Ellena Street, Philadelphia, PA 19150 on September 18, 2014, as well as an Affidavit of Service on Appellant by personal service.

On October 2, 2014, Appellant filed a Petition to Strike the Judgment as Appellee had failed to provide proof of service by certified mail; failed to set forth a specific averment of default; failed to attach a promissory note; and that Appellee was not the real party of interest in regard to the claim.

On October 22, 2014, Appellee filed an Answer in Opposition to Appellant's Motion, denying Appellant's averments and attesting that service had been properly effectuated per Pa.R.C.P. 430. Appellee further argued that Appellant's claims regarding the specific averment of default and attachment of the Promissory Note should have been raised as preliminary objections, and further, that Appellee was not required to attach the Note to its complaint.

On November 14, 2014, [the trial court] denied Appellant's [Petition] to Strike Judgment.

On November 21, 2014, Appellant filed a timely Notice of Appeal….

On November 24, 2014, [the trial court] issued its Order pursuant to Pa.R.A.P. 1925(b), directing Appellant to file her Concise Statement of [Errors] Complained of on Appeal within twenty-one (21) days.

On November 25, 2014, Appellant filed her [Rule 1925(b) statement]….

(Trial Court Opinion, filed February 4, 2015, at 1-4) (internal footnote omitted).

Appellant raises two issues for our review:

DID THE TRIAL COURT IMPROPERLY DENY APPELLANT'S PETITION TO STRIKE THE DEFAULT JUDGMENT, WHEN APPELLEE HAD FAILED TO PROVIDE PROOF OF SERVICE

- 4 -

OF ORIGINAL PROCESS BY CERTIFIED MAIL THAT WOULD INCLUDE A RETURN RECEIPT SIGNED BY [APPELLANT]?

DID THE TRIAL COURT IMPROPERLY DENY APPELLANT'S PETITION TO STRIKE THE DEFAULT JUDGMENT, WHEN THE COMPLAINT, ON ITS FACE, FAILED TO STATE A CAUSE OF ACTION IN MORTGAGE FORECLOSURE, BECAUSE, *INTER ALIA*, NO UNDERLYING PROMISSORY NOTE WAS ALLEGED?

(Appellant's Brief at 2).

"An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure." **Green Acres Rehabilitation and Nursing Center v. Sullivan**, 113 A.3d 1261, 1267 (Pa.Super. 2015).

Issues regarding the operation of procedural rules of court present us with questions of law. Therefore, our standard of review is *de novo* and our scope of review is plenary.

A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. [A] petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void *ab initio*. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a [default] judgment, a court may only look at what was in the record when the judgment was entered.

*Id.* at 1267-68 (internal citations and quotation marks omitted).

In her first issue, Appellant cites Pa.R.C.P. 405(c) for the proposition that proof of service by certified mail must include a return receipt signed by

a defendant. Appellant contends a plaintiff cannot prove service if a certified mail return receipt lacks a defendant's signature to demonstrate actual delivery. Appellant asserts Appellee failed to prove service of the complaint and case management order by certified mail, because Appellee did not provide a return receipt signed by Appellant. Appellant insists "**no** return receipt was attached [to Appellee's affidavit of service of complaint], signed or unsigned." (Appellant's Brief at 7) (emphasis in original). Appellant concludes Appellee's failure to prove service of original process constituted a fatal defect on the face of the record, and the court should have granted Appellant's petition to strike the default judgment on this basis. We disagree.

The Pennsylvania Rules of Civil Procedure govern service by mail as follows:

> **Rule 403.  Service by Mail**
>
> If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or [her] authorized agent. Service is complete upon delivery of the mail.
>
> \*    \*    \*

Pa.R.C.P. 403.  Additionally, Rule 405 provides:

> **Rule 405.  Return of Service**
>
> (a)    When service of original process has been made the sheriff or other person making service shall make a return of service forthwith. If service has not been made and the writ has not been reissued or the complaint

- 6 -

reinstated, a return of no service shall be made upon the expiration of the period allowed for service.

\* \* \*

(b) A return of service shall set forth the date, time, place and manner of service, the identity of the person served and any other facts necessary for the court to determine whether proper service has been made.

(c) Proof of service by mail under Rule 403 shall include a return receipt signed by the defendant or, if the defendant has refused to accept mail service and the plaintiff thereafter has served the defendant by ordinary mail,

(1) the returned letter with the notation that the defendant refused to accept delivery, and

(2) an affidavit that the letter was mailed by ordinary mail and was not returned within fifteen days after mailing.

Pa.R.C.P. 405(a), (b), (c).

A party can also petition for alternative methods of service:

**Rule 430. Service Pursuant to Special Order of Court. Publication**

(a) If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

Pa.R.C.P. 430(a). "Due process, reduced to its most elemental component, requires notice." ***PNC Bank, N.A. v. Unknown Heirs***, 929 A.2d 219, 230 (Pa.Super. 2007). "The adequacy of this notice, as applied to substituted

service, depends upon whether it is reasonably calculated to give the party actual notice of the pending litigation and an opportunity to be heard." ***Id.***

Instantly, Appellee filed a motion for alternative service on August 30, 2011. In it, Appellee noted a process server unsuccessfully attempted to serve Appellant at both the mortgaged premises and Appellant's last known address.[1] Appellee also stated it had conducted a good faith investigation to locate Appellant. Consequently, Appellee asked the court to enter an order pursuant to Rule 430, directing service of the complaint and all future pleadings by first class mail and posting of the mortgaged premises.

The court granted Appellee's motion for alternative service on September 9, 2011. Specifically, the court permitted Appellee to serve the complaint and all future pleadings by posting of the mortgaged premises and first class and certified mail to Appellant at both the mortgaged premises and her last known address. The court also required Appellee to file a certificate of service to ensure compliance with the court's order. On September 20, 2011, Appellee filed an affidavit of service indicating it had sent a copy of the complaint to Appellant at both the mortgaged premises and her last known address via regular and certified mail, return receipt requested. On September 22, 2011, Appellee filed another affidavit of service indicating it had served the complaint by posting of the mortgaged

---

[1] The motion for alternative service listed Appellant's last known address as 3028 North 26th Street in Philadelphia.

premises.

Contrary to Appellant's argument, Rule 405 did not control the manner of service at issue. Rule 405 applies to "[p]roof of service by mail under Rule 403…." **See** Pa.R.C.P. 405(c). Further, Rule 403 applies "[i]f a rule of civil procedure authorizes original process to be served by mail." **See** Pa.R.C.P. 403. Appellee, however, did not proceed under Rules 403 and 405. Rather, Appellee effectuated service pursuant to a special order of the court granting the motion for alternative service. Here, Appellee fully complied with the court's special order. Moreover, the court reasonably calculated the manner of alternative service to give Appellant actual notice of the pending litigation and an opportunity to be heard. **See PNC Bank, N.A., supra**. Therefore, Appellant has not demonstrated a fatal defect in the record, and she is not entitled to relief on her first claim. **See Green Acres Rehabilitation and Nursing Center, supra**.

In her second issue, Appellant asserts a mortgage foreclosure complaint must include a specific averment of default. Appellant contends "[t]his means that the **promissory note** that the alleged mortgage purports to secure must be attached to the complaint…." (Appellant's Brief at 8) (emphasis in original). Appellant maintains Appellee's complaint was deficient, because Appellee did not include the promissory note as an attachment. Moreover, Appellant argues the complaint failed to allege that a promissory note even existed, and Appellee did not aver that it legally

owned the mortgage. Appellant concludes the court should have struck the default judgment on this basis. We disagree.

Pennsylvania Rule of Civil Procedure 1147 governs the content of mortgage foreclosure complaints:

> **Rule 1147. The Complaint**
>
> (a)    The plaintiff shall set forth in the complaint:
>
> (1)    the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments;
>
> (2)    a description of the land subject to the mortgage;
>
> (3)    the names, addresses and interest of the defendants in the action and that the present real owner is unknown if the real owner is not made a party;
>
> (4)    a specific averment of default;
>
> (5)    an itemized statement of the amount due; and
>
> (6)    a demand for judgment for the amount due.

Pa.R.C.P. 1147(a).

Instantly, Appellee filed its complaint on September 29, 2010. The complaint stated, in relevant part:

> 2. The name(s) and last known address(es) of the Defendant(s) are:
>
> [Appellant]
> 936 EAST PHIL ELLENA STREET
> PHILADELPHIA, PA 19150-3606
>
> who is/are the mortgagor(s) and/or real owner(s) of the property hereinafter described.

3. On 12/20/1996 [Appellant] made, executed and delivered a mortgage upon the premises hereinafter described to COLUMBIA NATIONAL INC. which mortgage is recorded in the Office of the Recorder of PHILADELPHIA County, in Mortgage Book No. 0451, Page 339. By assignment of Mortgage recorded 08/12/2008 the mortgage was assigned to [Appellee] which Assignment is recorded in Assignment of Mortgage Instrument No. 51951797. The mortgage and assignment(s), if any, are matters of public record and are incorporated herein by reference in accordance with Pa.R.C.P. 1019(g); which Rule relieves [Appellee] from its obligations to attach documents to pleadings if those documents are of public record.

4. The premises subject to said mortgage is described as attached.[2]

5. The mortgage is in default because monthly payments of principal and interest upon said mortgage due 12/01/2005 and each month thereafter are due and unpaid, and by the terms of said mortgage, upon failure of mortgagor to make such payments after a date specified by written notice sent to Mortgagor, the entire principal balance and all interest due thereon are collectible forthwith.

6. The following amounts are due on the mortgage:

Principal Balance                            $83,547.95
Interest                                     $35,369.61
11/01/2005 through 09/28/2010
(Per Diem $19.7265)
Attorney's Fees                              $    650.00
Late Charges through 09/28/2010  $  1,862.95
Property Inspections/
Property Preservations                  $    387.25
Mortgage Insurance Premium/
Private Mortgage Insurance

---

[2] The attachment contained a metes and bounds description of the mortgaged premises.

| Costs of Suit and Title Search | $     550.00 |
|---|---|
| Escrow Deficit | $13,148.44 |
| **TOTAL** | **$137,040.98** |

(*See* Complaint, filed 9/29/10, at 1-2; R.R. at 22a-23a.)   Consequently, Appellee demanded an *in rem* judgment against Appellant for $137,040.98, plus interest, costs, and fees.  (*Id.* at 3; R.R. at 24a)

Here, the trial court found "a complaint in mortgage foreclosure does not need to include the original promissory note.  The complaint did make a specific averment that monthly installments were due…and that Appellant failed to pay…." (*See* Trial Court Opinion at 5.)  We agree and emphasize that Appellee's complaint fully complied with Rule 1147.  The complaint listed the parties to the mortgage, the date of execution, and the assignment to Appellee.  *See* Pa.R.C.P. 1147(a)(1).  An attachment to the complaint described the land subject to the mortgage.  *See* Pa.R.C.P. 1147(a)(2).  The complaint set forth the name, address, and interest of Appellant.  *See* Pa.R.C.P. 1147(a)(3).  Significantly, Appellee included a specific averment of default, explaining that Appellant had failed to make her required monthly payments since 2005.  *See* Pa.R.C.P. 1147(a)(4).  Appellee also provided an itemized statement of the amount due, and it demanded judgment for that amount.  *See* Pa.R.C.P. 1147(a)(5), (6).  Because the complaint fully complied with Rule 1147(a), Appellant is not entitled to relief on her second claim.

Based on the foregoing, we conclude Appellant failed to demonstrate a

fatal defect on the face of the record as it existed when judgment was entered. ***See Green Acres Rehabilitation and Nursing Center, supra***. Therefore, the court properly denied Appellant's petition to strike the default judgment. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2015