J-A24010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST CO, AS TRUSTEE FOR TRIBECA LENDING SERIES 1 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KIMBERLY J. PARRISH | |
| Appellant | No. 986 EDA 2014 |

Appeal from the Order February 20, 2014
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): No. 2009-02743

BEFORE: PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED NOVEMBER 05, 2015**

Appellant, Kimberly J. Parrish, appeals from the order of February 20, 2014, which denied her petition to set aside the sheriff's sale of her foreclosed property at 1955 Preston Avenue, Willow Grove, Pennsylvania. We affirm.

Appellee, Deutsche Bank National Trust Co., as trustee for Tribeca Lending Series 1, filed a complaint in mortgage foreclosure. Parrish does not deny that she is the borrower of the funds underlying the mortgage. The trial court entered default judgment against Parrish due to her failure to file an answer to the complaint. An assignment of the mortgage to the

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellee was recorded with the Recorder of Deeds on September 22, 2010, after the date judgment was entered. The property later sold to the Appellee at the Montgomery County sheriff's sale on August 31, 2011.

On June 24, 2013, well after entry of default judgment and almost two years after the sheriff sale of the subject property, Parrish filed a petition to set aside the sale and strike the judgment. The trial court denied Parrish's motion. This timely appeal followed.

Although Parrish purports to raise eight issues for our review, she essentially argues in part that the default judgment should be stricken since the underlying complaint violated the Rules of Civil Procedure specific to mortgage foreclosure actions. Specifically, Parrish avers that Appellee did not set forth in the complaint any assignment of the mortgage, including a statement of the date and place of the recording of the assignment, as is required by Pa.R.C.P. 1147(a)(1). **See** Appellant's Brief at 7-9. "An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure." **Bank of New York Mellon v. Johnson**, --- A.3d ---, ---, 2015 WL 4931662 at *3 (Pa. Super., filed Aug. 19, 2015) (citation omitted).

> Issues regarding the operation of procedural rules of court present us with questions of law. Therefore, our standard of review is *de novo* and our scope of review is plenary.
>
> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. [A] petition to strike is not a chance to review the merits of the allegations of a complaint.

Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void *ab initio.* When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a [default] judgment, a court may only look at what was in the record when the judgment was entered.

*Id*. (citation omitted).

Rule 1147 provides, in relevant part, the following:

**Rule 1147. The Complaint**

**(a) The plaintiff shall set forth in the complaint:**

(1) the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments;

* * *

Pa.R.C.P. 1147(a)(1).

Instantly, we do not find that there was a fatal defect on the record such that the trial court erred in denying Parrish's petition to strike judgment. Although Parrish is technically correct that Appellee failed to set forth the fact of the mortgage assignment in the complaint, we find that the complaint sufficiently set forth the existence and date of the mortgage, as well as the fact that Deutsche Bank National Trust Company, as Trustee for Tribeca Lending Trust Series 1, was now the legal owner of the mortgage. More importantly, we note that although the mortgage assignment was not recorded until after the filing of the foreclosure complaint, Rule 1147(a)(1) "does not require that a party have a recorded assignment as a prerequisite

to filing a complaint in mortgage foreclosure." ***See U.S. Bank N.A. v. Mallory***, 982 A.2d 986, 993 (Pa. Super. 2009) (citation omitted). Therefore, Parrish's challenges to the trial court's jurisdiction over this matter and to Appellee's standing to pursue the foreclosure complaint are patently meritless.

Based on the foregoing, we are satisfied that Appellee's complaint sufficiently put Parrish on notice of Appellee's claim of interest with regard to the subject mortgage. Accordingly, we find no basis on which to disturb the trial court's decision to deny Parrish's petition to strike judgment.

Parrish alternatively argues that the trial court should have set aside the sheriff's sale based on lack of authority or fraud.

> When reviewing a trial court's ruling on a petition to set aside a sheriff's sale, it is recognized that the trial court's ruling is one of discretion, thus a ruling will not be reversed on appeal absent a clear demonstration of an abuse of that discretion. . . . The burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner.

***First Union Nat'l Bank v. Estate of Shevlin***, 897 A.2d 1241, 1246 (Pa. Super. 2006) (citation omitted).

"Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances." Pa.R.C.P. 3132. However,

> [w]hen real property is sold in execution and no petition to set aside the sale has been filed, the sheriff, at the expiration of

twenty days but no later than 40 days after either the filing of the schedule of distribution or the execution sale if no schedule of distribution need be filed, shall execute and acknowledge before the prothonotary a deed to the property sold. The sheriff shall forthwith deliver the deed to the appropriate officers for recording and for registry if required.

Pa.R.C.P. 3135(a). "Taken together, Rule[s] 3132 and 3135(a) make clear a party must raise a challenge to a sheriff's sale within a period of time after the sale, but before the deed is delivered." *Mortg. Elec. Registration Sys. v. Ralich*, 982 A.2d 77, 80 (Pa. Super. 2009).

Here, the docket reveals that the property sold at sheriff's sale on August 31, 2011, and the deed to the property was recorded on November 15, 2011. Parrish did not file her petition to set aside the sale until June 24, 2013, almost two years after the deed was recorded. Parrish thus failed to file her petition within the time period after the sale but before the deed was recorded, and her challenge is untimely. Although Parrish correctly asserts that a sheriff's sale may be set aside after delivery of the deed based on fraud or lack of authority to make the sale, she does not specifically allege the applicability of either of these exceptions. *See* Appellant's Brief at 10-11. Accordingly, she cannot benefit from any exception to the timebar.

We therefore find no abuse of discretion in the trial court's order denying Parrish's petition to set aside sale or to strike judgment.

Order affirmed.

Judge Strassburger joins the memorandum.

Judge Wecht concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/5/2015</u>