J-S27002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JARELLE GREEN-HALEY | : | |
| | : | |
| Appellant | : | No. 723 EDA 2017 |

Appeal from the Order Entered January 26, 2017
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  December Term, 2012 No. 121200009

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 28, 2018**

Jarelle Green-Haley ("Appellant") appeals *pro se* from the order entered on January 26, 2017, denying his petition to strike a default judgment entered in favor of Wells Fargo Bank, N.A. ("Wells Fargo" or "Appellee") in the underlying mortgage foreclosure action.  After review, we affirm.

In its opinion, the trial court set forth the relevant facts of this case as follows:

[Wells Fargo] initiated this mortgage foreclosure action against [Appellant] on November 30, 2012 for defaulting on his mortgage on the property located at 1963 Rowan Street, Philadelphia, PA 19140. *See* Complaint filed November 30, 2012 *generally*. [Appellant] was personally served with the complaint at his residence on December 11, 2012. *See* Affidavit of Service filed December 12, 2012. Despite failing to appear at the first conciliation conference, [Appellant] filed a motion to dismiss the case, which the [c]ourt constructively denied by entering default judgment. *See* Motion to Dismiss filed October 25, 2013; Entry of Default Judgment docketed November 1, 2013. In compliance with the conciliation conference listing order and as a result of

[Appellant's] failure to answer the complaint as required by the Pennsylvania Rules of Civil Procedure, default judgment was entered against [Appellant] on November 1, 2013. *See* Praecipe for Entry of Judgment by Default filed on November 1, 2013.

[Appellant] subsequently filed a motion to vacate default judgment asserting, among other arguments, lack of service of process, which was denied. *See* Order entered January 9, 2014. In addition, [Appellant] filed a motion to strike the pleadings, which also was denied. *See* Order entered February 19, 2015. [Appellant] then filed a motion to strike the default judgment that was denied on August 17, 2015. *See* Order entered August 17, 2015. He appealed this decision to the Superior Court on September 11, 2015.[1] *See* Notice of Appeal docketed September 11, 2015. In the opinion accompanying the record sent to the Superior Court, [the trial court] held [that the] original service of process [was] proper. *See* Opinion filed November 25, 2015 at 7.

> [1] This appeal was dismissed [due to Appellant's] failure to comply with Pa.R.A.P. 3517 [(failure to file a docketing statement)]. *See* Superior Court order dated December 4, 2015.

[Appellant] then filed the motion to strike default judgment and sheriff's sale at issue in this appeal, asserting that the [c]ourt lacked jurisdiction over him because there was no original service of process and that the sheriff's sale was based upon a void judgment due to this lack of jurisdiction. *See* Motion to Strike filed on November 18, 2016. [The trial court] denied this motion on January 26, 2017. [Appellant] filed a timely appeal to the Superior Court on February 14, 2017. *See* Notice of Appeal filed on February 14, 2017.

Trial Court Opinion, 1/17/18, at 1-2.

Due to the delay between the entry of the default judgment on November 1, 2013, and Appellant's November 18, 2016 petition to strike the default judgment, we address the issue of timeliness.

The effect of timeliness on petitions to strike default judgment depends entirely upon the validity of the underlying judgment: If the judgment was found to be void ... timeliness would not be a

factor and the petition to strike would be granted. If the judgment was found to be voidable, timeliness would be a factor and the petition would be granted only if it was filed within a reasonable time. Finally, if the judgment was found to be valid and fully effective, the petition to strike would be denied and timeliness would not be a factor[.] There is a clear distinction between judgments which are simply voidable based upon mere irregularities and those which are void *ab initio*. The general rule is that if a judgment is sought to be stricken for an irregularity, not jurisdictional in nature, which merely renders the judgment voidable, the application to strike off must be made within a reasonable time. Conversely, judgments which are void *ab initio* are those which the prothonotary was without authority to enter in the first place. Such judgments are not voidable, but are legal nullities.

*Oswald v. WB Public Square Associates, LLC*, 80 A.3d 790, 797 (Pa. Super. 2013) (internal citations and quotation marks omitted). "[A] default judgment entered where there has not been strict compliance with the rules of civil procedure is void." *Id.* at 797 n.5 (citation omitted).

Appellant's petition was filed three years after the default judgment was entered in favor of Wells Fargo. Appellant argued in both his petition to strike and on appeal that the default judgment was void due to defective service in violation of the Pennsylvania Rules of Civil Procedure. Petition to Strike, 11/18/16, at ¶¶ 3-22; Appellant's Brief at 5. "The courts of this Commonwealth have long held that an individual may seek to strike a void judgment at any time." *Mother's Restaurant Inc. v. Krystkiewicz*, 861 A.2d 327, 337 (Pa. Super. 2004). Additionally, "an individual may even seek to strike a void judgment after a trial court has previously denied his/her petition to open the same judgment." *Id.* (citation omitted). Thus, the trial

court had jurisdiction to assess the merits of Appellant's petition to strike the default judgment, and we conclude that this appeal is properly before our Court. ***Id.***

On appeal, Appellant raises the following issues for this Court's consideration:

1. Did Appellee fail to serve the foreclosure complaint upon Appellant?

2. [Did] the Return of Service submitted to court fail to identify the specific person that was served with the foreclosure complaint?

3. Did the trial court have jurisdiction to enter a default judgment against Appellant?

4. Is it a fatal defect on the face of the record if a default judgment is improperly entered and the record does not support the judgment at the time it was entered?

5. Is the trial court['s] November 1, 2013 default judgment void on its face?

6. Is a Sheriff Sale executed based upon a void judgment [] void itself?

7. Did Appellee properly invoke the trial court subject matter jurisdiction?

Appellant's Brief at 1-2.[1]

We note that the aforementioned issues concern one over-arching claim: Appellant's averment that Wells Fargo did not properly serve him with the November 30, 2012 complaint. It is on this basis alone that Appellant

---

[1] The trial court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement.

asserts that the trial court lacked jurisdiction from the outset and erred in denying his petition to strike the default judgment.

An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure. ***Bank of New York Mellon v. Johnson***, 121 A.3d 1056, 1059 (Pa. Super. 2015) (citation omitted).

> Issues regarding the operation of procedural rules of court present us with questions of law. Therefore, our standard of review is *de novo* and our scope of review is plenary.
>
> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. A petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void *ab initio*. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a default judgment, a court may only look at what was in the record when the judgment was entered.

***Id.*** (internal brackets and citation omitted).

As noted, Appellant's issue concerns service of process. Our Rules of Civil Procedure provide, in relevant part, as follows:

(a) Original process may be served

    (1) by handing a copy to the defendant; or

    (2) by handing a copy

        (i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the

family is found, then to an adult person in charge of such residence; or

(ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or

(iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa.R.C.P. 402(a).

Pa.R.C.P. 405 states:

(a) When service of original process has been made the sheriff or other person making service shall make a return of service forthwith. If service has not been made and the writ has not been reissued or the complaint reinstated, a return of no service shall be made upon the expiration of the period allowed for service.

(b) A return of service shall set forth the date, time, place and manner of service, the identity of the person served and any other facts necessary for the court to determine whether proper service has been made.

(c) Proof of service by mail under Rule 403 shall include a return receipt signed by the defendant or, if the defendant has refused to accept mail service and the plaintiff thereafter has served the defendant by ordinary mail,

(1) the returned letter with the notation that the defendant refused to accept delivery, and

(2) an affidavit that the letter was mailed by ordinary mail and was not returned within fifteen days after mailing.

(d) A return of service by a person other than the sheriff shall be by affidavit. If a person other than the sheriff makes a return of

no service, the affidavit shall set forth with particularity the efforts made to effect service.

(e) The return of service or of no service shall be filed with the prothonotary.

(f) A return of service shall not be required when the defendant accepts service of original process.

(g) The sheriff upon filing a return of service or of no service shall notify by ordinary mail the party requesting service to be made that service has or has not been made upon a named party.

Pa.R.C.P. 405.

Appellant baldly avers that Wells Fargo failed to serve him or any other person with the complaint. Appellant's Brief at 5, 6, 7, and 8; Appellant's Reply Brief at 1 and 2. Appellant's argument is belied by the record.

Wells Fargo filed its complaint on November 30, 2012. On December 4, 2012, process server Brian Daly noted that he was unable to locate Appellant. Affidavit/Return of Service, filed 12/7/12. However, one week later on December 11, 2012, process server Jonathan Barnes personally served Appellant with the complaint at 1:03 p.m. at Appellant's residence. Affidavit/Return of Service, filed 12/12/12. After reviewing Appellant's petition to strike the default judgment, the trial court found that service was proper, there were no irregularities on the face of the record, and that it had jurisdiction in the underlying matter. Trial Court Opinion, 1/17/18, at 3-4. Accordingly, it denied Appellant's petition to strike.

We agree with the trial court. The December 12, 2012 affidavit fulfilled the requirements set forth in the Rules of Civil Procedure; the affidavit

provided the date, time, place, and manner of service, and it identified the person served as required by Rules 402 and 405. Accordingly, we conclude that Appellant's challenge to the service of the complaint is meritless.

Moreover, as noted above, improper service was the basis for each of Appellant's arguments. Having found that service was proper, we conclude that Appellant's remaining issues are meritless as well.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Accordingly, we affirm the January 26, 2017 order denying Appellant's petition to strike the default judgment.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/28/18