J-S33017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARMEN SIERRA | : | |
| | : | |
| Appellant | : | No. 809 EDA 2017 |

Appeal from the Order Entered January 26, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  September Term, 2015 No. 13090

BEFORE:   OTT, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JULY 11, 2018**

Carmen Sierra appeals from the order denying her Petition to Strike Plaintiff's Judgment following entry of a default judgment in favor of the Bank of New York Mellon ("Bank of New York"). Because no fatal defect appears on the face of the record, we affirm.

On September 19, 2013, Bank of New York filed a Complaint in Mortgage Foreclosure. The Complaint alleged Seirra had defaulted on her mortgage payments for property located on Valley Avenue in Philadelphia. Complaint at ¶¶ 7-8. The Complaint alleged that Bank of New York "directly or through an agent, is in possession of the note and is the holder of the note with the right to enforce it; the note is either made payable to [Bank of New York] or has been duly endorsed." Complaint at ¶ 4. It also alleged that:

> Mortgage Electronic Registration Systems, Inc., as nominee
> for America's Wholesale Lender to the [Bank of New York],
> as Trustee for the Certificateholders of CWABS, Inc., Asset-

---

\*   Former Justice specially assigned to the Superior Court.

> Backed Certificates, Series 2006-1, by Assignment of Mortgage, recorded in the Office of the Recorder of Philadelphia County as Instrument Number 52491951, such Assignment of Mortgage being incorporated herein by reference pursuant to Rule 1019(g) Pa.R.C.P.

*Id.* at ¶ 5. The Complaint also included an itemized statement of the amount due and a demand for judgment for the amount due. *Id.* at 5.

On January 9, 2015, the Prothonotary entered a Judgment by Default in favor of the Bank of New York and against Sierra. On December 2, 2015, Sierra filed a motion for declaratory judgment, which the trial court dismissed as procedurally improper. On March 11, 2016, Sierra filed a Petition to Open Judgment, which the trial court denied. On September 8, 2016, Sierra filed a Motion for Payment into Court, which the trial court denied. On November 15, 2016, Sierra filed a Petition to Strike Plaintiff's Judgment, which the trial court denied. Sierra filed a Notice of Appeal of the order denying her Petition to Strike.

Sierra raises the following issues on appeal:

> 1. Did the Apl [sic] have standing to enforce the note and foreclose on the mortgage attributable to Appellant[']s property at 7102 Valley Avenue Philadelphia, Pennsylvania 19128 on or before September 19, 2013?
>
> 2. Is Apl's [sic] lack of standing to sue Appellant on or before September 19, 2013 a Fatal Defect and Irregularity on the record?
>
> 3. Is the Apl's [sic] Lack of Ratification of Commencement on or before September 19, 2013 a Fatal Defect on the record?
>
> 4. Was the Apl [sic] the Appellant[']s Creditor on or before September 19, 2013?

5. Is the Apl [sic] governed solely by the Substantive Laws of the State of New York State?

6. Is The Bank of New York Mellon bound exclusively to the terms of its trust indenture?

7. Does Apl [sic] failure to strictly abide by the terms of its Trust Indenture constitute a Fatal Defect or irregularity on the record?

8. Did Apl [sic] own the promissory note attributed to Appellant on or before September 19, 2013?

9. Does Apl [sic] lack of ownership of the promissory note attributed to Appellant on or before September 19, 2013 constitute a Fatal Defect or irregularity on the record?

10. Was The Bank of New York Mellon a Real Party in Interest regarding Appellant[']s property at 7102 Valley Avenue Philadelphia, Pennsylvania 19128 on or before September 19, 2013?

11. Is The Bank of New York Mellon a Holder in Due Course of the promissory note attributed to Appellant on or before September 19, 2013?

12. Was The Bank of New York Mellon just an unknown and unrelated third party Debt Collector regarding Appellant[']s property at 7102 Valley Avenue Philadelphia, Pennsylvania 19128 on or before September 19, 2013?

13. Is the Appellant a consumer?

14. Did the Apl [sic] claim the Appellant owed a debt to the Apl [sic] associated with the case at bar?

15. Did the Appellant dispute the debt claim of the Apl [sic] associated with the case at bar?

16. Did the Apl [sic] validate the debt it claimed the Appellant owed the Apl [sic] associated with the case at bar?

17. Did the Apl [sic] verified the debt it claimed the Appellant owed the Apl [sic] associated with the case at bar?

18. Is an unvalidated debt from a Debt Collector a Fatal Defect on the record?

19. Is an unverified debt from a Debt Collector a Fatal Defect on the record?

20. Is an unverified complaint of the actual Apl [sic] an irregularity and Fatal Defect on the record?

21. Did the Apl [sic] provide any facts on the record to substantiate their rights to the possession of Appellant[']s property at 7102 Valley Avenue Philadelphia, Pennsylvania 19128 on or before September 19, 2013?

22. Did the Apl [sic] and Appellant have a Security Agreement with each other?

23. Do[es] the lack of a security agreement between the Appellant and Apl [sic] constitute[] a Fatal Defect and irregularity on the record?

Sierra's Br. at 19-25 (suggested answers omitted). In general terms, Sierra's 23 issues claim that the assignment to the Bank of New York was invalid, the Bank of New York did not own the promissory note, and the Bank of New York does not have standing and is not a real party in interest.

"An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure." **Bank of New York Mellon v. Johnson**, 121 A.3d 1056, 1059 (Pa.Super. 2015) (quoting **Green Acres Rehabilitation and Nursing Ctr. v. Sullivan**, 113 A.3d 1261, 1267 (Pa.Super. 2015)). Because "[i]ssues regarding the operation of procedural rules of court present us with questions of law," we apply a *de novo* standard of review to orders denying petitions to strike a judgment. **Id.** at 1060.

"A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record." **Wells Fargo Bank, N.A. v. Lupori**, 8 A.3d 919, 920–21 (Pa.Super. 2010) (quoting **U.S. Bank, N.A. v. Mallory**,

982 A.2d 986, 991 (Pa.Super. 2009). When addressing a motion to strike a default judgment, "[a] court may only look at the facts of record at the time judgment was entered to decide if the record supports the judgment." *Id.* at 920. "A petition to strike does not involve the discretion of the court" and a court should not grant a petition to strike a judgment "unless a fatal defect in the judgment appears on the face of the record." *Id.*[1]

The trial court denied the motion to strike, reasoning that Sierra had alleged no fatal defects or irregularities on the record. The court explained that rather than make such an allegation, "she has attempted to substantively attack the judgment arguing that the Bank failed to prove it owned or had signed the promissory note, or that the note had been assigned to it." Trial Court Opinion, filed July 12, 2017, at 3. The trial court further noted that the motion to strike was not Sierra's first attempt to lift the default judgment, and that she began "serial efforts to attack the judgment" after the property was

---

[1] Pennsylvania Rule of Civil Procedure 1147 requires that a complaint in mortgage foreclosure allege:

> (1) the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments;
>
> (2) a description of the land subject to the mortgage;
>
> (3) the names, addresses and interest of the defendants in the action and that the present real owner is unknown if the real owner is not made a party;
>
> (4) a specific averment of default;
>
> (5) an itemized statement of the amount due; and
>
> (6) a demand for judgment for the amount due.

sold at a sheriff's sale. *Id.* The court concluded that it did not err in denying the motion to strike, where "no legitimate grounds for striking the judgment were offered." *Id.*

The court did not err. Sierra does not allege a defect on the face of the record that would have precluded entry of default judgment, and a review of the record does not reveal such a defect. *See Mallory*, 982 A.2d at 994 (affirming denial of motion to strike where complaint alleged plaintiff was legal owner of mortgage and it was not apparent from face of record that plaintiff was not real party in interest).

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/18