J-S33016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| CARMEN SIERRA | : : : | |
| Appellant | : | No. 615 EDA 2017 |

Appeal from the Order Entered January 5, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  October Term, 2015 No. 1510022

BEFORE:   OTT, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 11, 2018**

Carmen Sierra appeals from the order denying her motion to strike following entry of a default judgment in favor of Deutsche Bank National Trust Company, Trustee for Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-C ("Deutsche Bank"). Because no fatal defect appears on the face of the record, we affirm.

Deutsche Bank filed a Complaint in Mortgage Foreclosure on October 21, 2015, alleging Sierra had defaulted on her mortgage payments for property located on North 3rd Street in Philadelphia. Complaint at ¶¶ 5-6. The Complaint alleged the mortgage was assigned to Deutsche Bank through the following transactions:

> Assignor: Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for IndyMac Bank, F.S.B., a federally chartered savings bank, its successors and/or assigns

_____

*   Former Justice specially assigned to the Superior Court.

Assignee: Deutsche Bank National Trust Company, as Trustee for Home Equity Mortgage Loan -Asset Backed Trust Series INABS 2006-C, Home Equity Mortgage Loan Asset - Backed Certificate Series INABS 2006-C.

Date of Assignment: 03/20/2015

Recorded Date: 04/09/2015

Book/Instrument #: DocID: 52901513

Page: N/A

Complaint at ¶ 1. The Complaint also included an itemized statement of the amount due, *id.* at ¶ 6, and a demand for judgment for the amount due, *id.* at 3. Sierra did not file an answer to the Complaint. On January 8, 2016, the trial court entered a default judgment.

On December 16, 2016, Sierra filed a Petition to Strike Plaintiff's Judgment.[1] The trial court denied the motion on January 5, 2017. Sierra filed a timely Notice of Appeal.

Sierra raises the following issues on appeal:

> 1 Did the Appellee have standing to enforce the note and foreclose on the mortgage attributable to Appellant[']s property at 4703 N 3rd Street Philadelphia, Pennsylvania 19120 on or before October 21, 2015?
>
> 2. Is Appellee's lack of standing to sue Appellant on or before October 21, 2015 a Fatal Defect and Irregularity on the record?
>
> 3. Is the Appellee's Lack of Ratification of Commencement on or before October 21, 2015 a Fatal Defect on the record?

---

[1] On September 1, 2016, Sierra filed a Motion for Payment into the Court, which the trial court denied.

4. Was the Appellee the Appellant[']s Creditor on or before October 21, 2015?

5. Is the Appellee governed solely by the Substantive Laws of the State of New York State?

6. Is Deutsche Bank National Trust Company Trustee For Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-C (hereinafter DBNTC) bound exclusively to the terms of its trust indenture?

7. Does Appellee failure to strictly abide by the terms of its Trust Indenture constitute a Fatal Defect or irregularity on the record?

8. Did Appellee own the promissory note attributed to Appellant on or before October 21, 2015?

9. Does Appellee lack of ownership of the promissory note attributed to Appellant on or before October 21, 2015 constitute a Fatal Defect or irregularity on the record?

10. Was DBNTC a Real Party in Interest regarding Appellant[']s property at 4703 N 3rd Street Philadelphia, Pennsylvania 19120 on or before October 21, 2015?

11. Is DBNTC a Holder in Due Course of the promissory note attributed to Appellant on or before October 21, 2015?

12. Was DBNTC just an unknown and unrelated third party Debt Collector regarding Appellants property at 4703 N 3rd Street Philadelphia, Pennsylvania 19120 on or before October 21, 2015?

13. Is the Appellant a consumer?

14. Did the Appellee claim the Appellant owed a debt to the Appellee associated with the case at bar?

15. Did the Appellant dispute the debt claim of the Appellee associated with the case at bar?

16. Did the Appellee validate the debt it claimed the Appellant owed the Appellee associated with the case at bar?

17. Did the Appellee verif[y] the debt it claimed the Appellant owed the Appellee associated with the case at bar?

18. Is an unvalidated debt from a Debt Collector a Fatal Defect on the record?

19. Is an unverified debt from a Debt Collector a Fatal Defect on the record?

20. Is an unverified complaint of the actual Appellee an irregularity and Fatal Defect on the record?

21. Did the Appellee provide any facts on the record to substantiate their rights to the possession of Appellants property at 4703 N 3rd Street Philadelphia, Pennsylvania 19120 on or before October 21, 2015?

22. Did the Appellee and Appellant have a Security Agreement with each other?

23. Do[es] the lack of a security agreement between the Appellant and Appellee constitutes a Fatal Defect and irregularity on the record?

Sierra's Br. at 14-21 (suggested answers omitted). In the 23 issues, Sierra claims that the assignment to Deutsche Bank was invalid, Deutsche Bank did not own the promissory note, and Deutsche Bank does not have standing and is not a real party in interest.

"An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure." **Bank of New York Mellon v. Johnson**, 121 A.3d 1056, 1059 (Pa.Super. 2015) (quoting **Green Acres Rehabilitation and Nursing Ctr. v. Sullivan**, 113 A.3d 1261, 1267 (Pa.Super. 2015)). Because "[i]ssues regarding the operation of procedural rules of court present us with questions of law," we apply a *de novo* standard of review to orders denying petitions to strike a judgment. **Id.** at 1060.

"A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record." **Wells Fargo Bank, N.A. v. Lupori**, 8 A.3d 919, 921 (Pa.Super. 2010) (quoting **U.S. Bank, N.A. v. Mallory**, 982 A.2d 986, 991 (Pa.Super. 2009). When addressing a motion to strike a default judgment, "[a] court may only look at the facts of record at the time judgment was entered to decide if the record supports the judgment." **Id.** at 920. "A petition to strike does not involve the discretion of the court" and a court should not grant a petition to strike a judgment "unless a fatal defect in the judgment appears on the face of the record." **Id.**[2]

The trial court denied the motion to strike, reasoning that Sierra had alleged no fatal defects or irregularities on the record. The court explained that rather than do so, "she has attempted to substantively attack the judgment arguing that Deutsche Bank failed to prove it owned or had signed

---

[2] Pennsylvania Rule of Civil Procedure 1147 requires a complaint in mortgage foreclosure to allege:

> (1) the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments;
>
> (2) a description of the land subject to the mortgage;
>
> (3) the names, addresses and interest of the defendants in the action and that the present real owner is unknown if the real owner is not made a party;
>
> (4) a specific averment of default;
>
> (5) an itemized statement of the amount due; and
>
> (6) a demand for judgment for the amount due.

the promissory note, or that the note had been assigned to it." Trial Court Opinion, filed Dec. 28, 2017, at 3.

The court did not err. Sierra does not allege a defect that would have prevented entry of default judgment, and a review of the record does not reveal such a defect. **See Mallory**, 982 A.2d at 994 (affirming denial of motion to strike where complaint alleged plaintiff was legal owner of mortgage and it was not apparent from face of record that plaintiff was not real party in interest).

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/18