J-A04039-26                    2026 PA Super 57

KITNER'S LAWN & LANDSCAPING, LLC       : IN THE SUPERIOR COURT OF
                                       :        PENNSYLVANIA
                                       :
                                       :
                                       :
                v.                     :
                                       :
                                       :
                                       :
LRM MASONRY, LLC                       :
                                       : No. 699 MDA 2025
                Appellant              :

Appeal from the Order Entered April 29, 2025
In the Court of Common Pleas of York County Civil Division at No(s):
2023-SU-002199

BEFORE:  PANELLA, P.J.E., KING, J., and LANE, J.

OPINION BY LANE, J.:                              **FILED MARCH 24, 2026**

LRM Masonry, LLC ("LRM") appeals from the order denying its petition to open default judgment entered in favor of Kitner's Lawn & Landscaping, LLC ("Kitner's").  On appeal, LRM also requests this Court to strike the default judgment.  It asserts defective service and a reasonable excuse for failing to file a timely answer to the complaint.  We hold, *inter alia*, that the trial court did not abuse its discretion in denying LRM's petition to open the judgment, where: (1) LRM had no address filed with the Department of State; (2) the sheriff successfully served original process, the writ of summons, on LRM; (3) Kitner's subsequently sent the complaint, notice of the default judgment, and other filings to the same address listed on the writ of summons, and which appeared on LRM's website; (4) the court found that Kitner's complied with

the service requirements of Pa.R.Civ.P. 440;[1] and (5) LRM failed to establish a reasonable excuse for failing to file a responsive pleading to the complaint. After careful review, we affirm.

The trial court summarized the following background.

> LRM and Kitner's entered into an agreement where Kitner's would provide an assortment of lawn and landscaping services as a subcontractor of LRM.

Trial Court Opinion, 7/28/25 at 1 (unnecessary capitalization).[2]  We note that the parties' agreement, consummated *via* text message, did not specify an address for service.  Furthermore, LRM's filing with the Pennsylvania Department of State listed only the name of a commercial registered agent, Legalinc Corporate Services, Inc., but did not provide any address for that agent.  The only publicly identified address associated with LRM was the 2500 Eastern Boulevard address listed on its website.

Turning to the underlying dispute,

> Kitner's alleges that while LRM has been paid for the services provided by Kitner's, LRM has failed to pay various invoices totaling $45,090.66.
>
> On August 16, 2023, Kitner's filed a *praecipe* to issue writ of summons [directed to LRM c/o Landon Myers ("Myers") at 2500 Eastern Boulevard, York County, Pennsylvania ("2500 Eastern Boulevard")].  On September 29, 2023, the sheriff's return of

---

[1] Rule 440 requires service of legal papers, other than original process upon a party, at the party's last known address.  **See** Pa.R.Civ.P. 440(a)(1).

[2] For ease of review, when quoting the trial court's opinion, we have changed the references to "Kitner's Lawn and Landscaping, LLC" and "Kitner" to "Kitner's."

service was filed. The return of service stated that on August 24, 2023, the writ of summons was served personally on [Myers], the owner [and authorized representative] of LRM, who accepted service on behalf of LRM at the York County Sheriff's Office.

Trial Court Opinion, 7/28/25 at 1 (unnecessary capitalization omitted)

After the sheriff personally served the writ of summons on LRM's owner, Myers, no counsel entered an appearance on LRM's behalf. Thereafter, on September 29, 2023, Kitner's mailed a certificate of prerequisite to service of subpoenas to LRM at 2500 Eastern Boulevard. The trial docket reflects no returned mailing. On April 30, 2024, Kitner's filed a complaint and served LRM by mail at 2500 Eastern Boulevard. The docket reflects no returned mailing. On June 28, 2024, the court entered a default judgment, in the amount of $57,660.89, against LRM for failing to file an answer to the complaint.

Subsequently, Kitner's filed a *praecipe* for entry of default judgment. It attached a copy of the ten-day notice, pursuant to Pa.R.Civ.P. 237.1,[3] which it had previously mailed to Myers, on behalf of LRM, at 2500 Eastern Boulevard. On June 28, 2024, the trial court entered default judgment against LRM in the amount of $57,660.89.

---

[3] **See** Pa.R.Civ.P. 237.1(a)(2)(ii) (prohibiting the entry of default judgment unless the plaintiff has mailed written notice of intent to enter default judgment to the defendant, at the defendant's last known address, at least ten days before filing the *praecipe*).

- 3 -

On July 15, 2024, the prothonotary docketed a returned mailing, containing the notice of judgment, sent to LRM at 2500 Eastern Boulevard,[4] marked "undeliverable." On July 24, 2024, Kitner's filed a *praecipe* for writ of execution to pursue collection on the judgment against LRM and directed service to the same 2500 Eastern Boulevard address.

At no time thus far did LRM notify Kitner's, the sheriff, or the prothonotary that the address was incorrect, nor did it provide an alternative address for service. The docket did not reflect any mail returned from the 2500 Eastern Boulevard address until after the prothonotary entered default judgment.

On August 14, 2024, sixty-seven days after the entry of default judgment, LRM filed a counseled petition to open the judgment. The petition averred, *inter alia*, that after the sheriff personally served Myers with the writ of summons, Kitner's directed all subsequent filings to 2500 Eastern Boulevard, an address LRM maintained was not its regular place of business. LRM asserted that it did not receive Kitner's complaint, the notice of intent to enter default judgment, the *praecipe* for entry of default judgment, the notice of judgment, or the writ of execution. LRM alleged that Kitner's was aware that LRM's principal place of business was located at 2101 Elim Street, York County, Pennsylvania ("2101 Elim Street"), as that address appeared on

---

[4] ***See*** Pa.R.Civ.P. 236 (requiring the prothonotary to provide written notice of the entry of judgment to the defendant).

checks attached to the complaint, yet Kitner's did not direct any filings there. We note that 2101 Elim Street is Meyers' home address.

LRM further maintained that it first learned of the default judgment on August 8, 2024, when the bank garnished its account pursuant to the writ of execution. LRM also asserted that it possessed meritorious defenses to the underlying claims. LRM did not seek to strike the judgment. Kitner's filed an answer to LRM's petition to open default judgment.

On April 28, 2025, the trial court heard argument, but received no evidence, on LRM's petition to open the default judgment. LRM expressly stated that it was not seeking to strike the judgment. LRM presented the following arguments. It acknowledged that its website listed 2500 Eastern Boulevard as the company's address. Myers had hired a website developer, and it was the developer's choice to use 2500 Eastern Boulevard for purposes of "Google advertising." NT, 4/28/25, at 3. Businesses without a "brick and mortar" location must provide an address to appear on Google, and the listed address functioned only as a "pin drop." *Id*. The website developer selected the location because it was centrally located within LRM's service radius and was across the street from Kingston Square. LRM's counsel further represented: "[T]here is no physical office for my client to operate out of at any time." *Id*.

LRM did not contend that it had any business operations at 2500 Eastern Boulevard.[5] To the contrary, it maintained that the address was not a physical office and used solely for online marketing purposes. LRM also argued that the Department of State listing identified a commercial registered agent, Legalinc Corporate Services, Inc., rather than the Eastern Boulevard address.

Although LRM argued that the 2500 Eastern Boulevard address was improper, it did not dispute that its website displayed that address when the Kitner's filed and served the writ of summons. LRM likewise did not explain why, after Myers personally appeared at the sheriff's office and accepted service of a writ listing that address, it failed to notify opposing counsel, the prothonotary, or the court that the address was incorrect. The trial court expressly questioned LRM's failure to correct the address after it learned that Kitner's designated 2500 Eastern Boulevard as the address of record. *See* N.T., 4/28/25, at 14-16. In response, LRM's counsel maintained that the burden remained on Kitner's to ensure proper service throughout the litigation and emphasized that a writ of summons required no response. *See id*.

As to service of the writ of summons, neither party offered any testimony or documentary evidence to clarify the sequence of events leading to Myers' appearance at the sheriff's office. LRM's counsel stated that Myers

---

[5] At an earlier deposition, Meyers testified that LRM did not maintain an office at 2500 Eastern Boulevard, did not receive mail there, and could not receive mail at that address.

had previously testified, in a deposition, that he received a letter at his home address. Kitner's counsel disputed that it sent any such letter.

Additionally, LRM argued that the court should open the default judgment because: it did not receive the complaint due to improper service at the 2500 Eastern Boulevard address under Pa.R.Civ.P. 440; it promptly filed its petition upon learning of the judgment; and it pleaded meritorious defenses.

In response, Kitner's argued that: (1) service at the 2500 Eastern Boulevard address complied with Rule 440; (2) LRM's inaction after personal service of the writ constituted dilatory conduct; and (3) the court should deny LRM's petition to open because it sought relief only after the bank garnished its account. On April 29, 2025, the trial court entered the underlying order denying the petition to open default judgment.

LRM filed a timely notice of appeal. Both LRM and the trial court complied with Pa.R.A.P. 1925.

LRM raises the following issues for our review:

[1.] Should the default judgment be stricken where a fatal defect existed on the face of the record at the time of entry of judgment?

[2.] Did the [trial] court err in denying [LRM's] petition to open default judgment by finding [Kitner's] satisfied its service obligations under Pa.R.C[iv].P. 440?

[3.] Did the [trial] court err in denying [LRM's] petition to open default judgment by finding [LRM] did not provide a reasonable cause or explanation for failing to file a responsive pleading?

> [4.] Did the [trial] court err in denying [LRM's] petition to open default judg[]ment where the petition was timely, there was a reasonable excuse for its failure to file a responsive pleading, and it demonstrated the existence of a meritorious defense that if proved at trial would justify relief?

LRM's Amended Brief at 3 (unnecessary capitalization omitted).

LRM first argues that the "default judgment should be stricken" due to a fatal defect on the face of the record.  *Id*. at 7.  As noted above, LRM filed only a petition to open and did not expressly assert a facial-defect theory before the trial court.  Nevertheless, This Court has explained that if a defendant only requested that a trial court open a default judgment, they may argue, for the first time on appeal, that this Court should strike the default judgment because of a fatal defect that appeared on the face of the record.  *See Grady v. Nelson*, 286 A.3d 259, 268 (Pa. Super. 2022).  Therefore, we will review LRM's issue.

This Court has stated:

> An appeal regarding a petition to strike a default judgment implicates . . . the Pennsylvania Rules of Civil Procedure.  Issues regarding the operation of procedural rules of court present us with questions of law.  Therefore, our standard of review is *de novo* and our scope of review is plenary.

*Id*. at 264 (citation omitted).

"Ordinarily, the entry of a default judgment is conclusive."  *Central Penn National Bank v. Williams*, 523 A.2d 1166, 1167 (Pa. Super. 1987). "A petition to open a default judgment and a petition to strike a default judgment seek distinct remedies and are generally not interchangeable.  *Roy v. Rue*, 273 A.3d 1174, 1186 (Pa. Super. 2022).

> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. [A] petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void *ab initio*. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a [default] judgment, a court may only look at what was in the record when the judgment was entered. . . .

> . . . The standard for 'defects' asks whether the procedures mandated by law for the taking of default judgments have been followed. If the record is self-sustaining, the judgment cannot be stricken. . . .

*Id*. at 1181-82 (citations, parentheses, and some quotation marks omitted).

> It is well-settled that:

> Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed. Without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against [the defendant].

> Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action . . . .. However, the absence of or a defect in a return of service does not necessarily divest a court of jurisdiction of a defendant who was properly served. **[T]he fact of service is the important thing in determining jurisdiction and . . . proof of service may be defective or even lacking, but if the fact of service is established jurisdiction cannot be questioned**.

*Id*. at 1182 (citation omitted and emphasis added).

Original process upon a corporation must comply with Pa.R.Civ.P. 424, which provides:

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:
>
> > (1) an executive officer, partner or trustee of the corporation or similar entity, or
> >
> > (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
> >
> > (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa.R.Civ.P. 424(1)-(3).

As this Court has recognized, a "plaintiff [will be] at fault in sending notice to [a] defendant at an address that counsel for plaintiff knew to be wrong." *Central Penn National Bank*, 523 A.2d at 1169; *see also Grady*, 286 A.3d at 267. In *Grady*, the plaintiff directed Rule 237.1[6] notice and related legal papers to a residential address, despite receiving notice from the sheriff that no such address existed and knowing the defendant's correct address. *See Grady*, 286 A.3d at 266-67. Under those circumstances, this Court "note[d] our disapproval of such tactics, as they suggest bad faith and an abuse of the rules governing service of legal documents." *Id*. at 267. This

---

[6] As noted above, Rule 237.1 prohibits the entry of default judgment unless the plaintiff has mailed written notice of intent to enter default judgment to the defendant at the defendant's last known address at least ten days before filing the *praecipe*. *See* Pa.R.Civ.P. 237.1(a)(2)(ii).

Court determined that the Rule 237.1 ten-day notice was fatally defective. *See id*. at 265.

When the return of service appears regular and facially complies with the Rules of Civil Procedure, a defendant cannot establish a fatal defect on the face of the record merely by asserting that service was ineffective; instead, the defendant must raise that claim in a petition to open rather than a petition to strike. *See Liquid Carbonic Corp. v. Cooper & Reese, Inc.*, 416 A.2d 549, 550 (Pa. Super. 1979).

LRM argues that the record contained a fatal defect at the time the trial court entered the default judgment, and thus "the default judgment should be stricken." LRM's Amended Brief at 7. Specifically, LRM contends that Kitner's knowingly directed service of the complaint and the Rule 237.1 notice to 2500 Eastern Boulevard, despite having actual knowledge that LRM's principal place of business was 2101 Elim Street. LRM maintains that this purported knowledge rendered service fatally defective under *Grady*.

At the hearing, the trial court observed:

[T]he issue that [the court is] struggling with here is the interplay between the writ of summons and the rule because [Kitner's] here got personal service *via* sheriff of the writ of summons as [it was] required to do. So[,] we then shift to the rule for service of other than original process, which says to the address of record. The interplay [the court is] struggling with is on [the] one hand . . . the plaintiff[, Kitner's] . . . designated that address of record, 2500 Eastern Boulevard.

So if you have a plaintiff that knowingly and purposefully designates a wrong address of record, that's a problem. [The court does not] feel like the plaintiff here knowingly and purposely

designated a wrong address in light of a website that says that's the address. . . .

But then [the court has] the writ of summons issued to [LRM] that says care of . . . Myers at 2500 Eastern Boulevard. He got service of that [writ of summons]. He has no obligation to respond to a writ of summons, but if he knew that that was an incorrect address, why not do something, if not with the prothonotary, to contact [Kitner's attorney's] office and say, hey, I got this paperwork, but you have a wrong address.

N.T., 4/28/25, at 14-15.

In its opinion, the trial court rejected LRM's argument that Kitner's knowingly directed service to an improper address, explaining:

It is unclear why [LRM chose the 2500 Eastern Boulevard address], and never updated [it with] the 2101 Elim [Street] address that LRM claims is their correct and only address. Importantly, when viewing LRM's website and the address listed with the Department of State, the 2101 Elim [Street] address was not provided. As such, the only appearance of the 2101 Elim [Street] address is contained in two of the checks that LRM used to pay Kitner's.[] . . .

Trial Court Opinion, 7/28/25 at 5 (footnote omitted).

Applying the above governing principles, we conclude no fatal defect appears on the face of the record. *See Grady*, 286 A.3d at 264. First, the sheriff properly served original process. The sheriff's return reflected that on August 24, 2023, the sheriff personally served the writ of summons upon Myers, LRM's owner and authorized representative, in compliance with Pa.R.Civ.P. 424. LRM does not dispute this fact. Accordingly, the trial court properly obtained personal jurisdiction over LRM. *See Roy*, 273 A.3d at 1182.

Second, when the court entered default judgment on June 28, 2024, the face of the record in the docket reflected: (1) the sheriff's personal service of

original process; (2) Kitner's mailing of the complaint to 2500 Eastern Boulevard, the same address listed in the writ of summons; (3) Kitner's mailing of the Rule 237.1 ten-day notice to that same address; and (4) no returned mail. The prothonotary did not docket a returned mailing marked "undeliverable" until July 15, 2024 — after the court had already entered default judgment.

When reviewing a petition to strike, we confine our review to what appears on the face of the record at the time the court entered judgment. **See Grady**, 286 A.3d at 264. A judgment may be stricken only if the record is not "self-sustaining." **Roy**, 273 A.3d at 1181–82. The record here was self-sustaining: it reflected personal service of original process on Myers at the sheriff's office and compliance with Rule 237.1 before entry of default judgment.

This case is distinguishable from **Grady**, where the record established that the plaintiff received notice that the address did not exist but nevertheless continued to direct service there. **See Grady**, 286 A.3d at 265–67. Furthermore, the record in this case did not establish that Kitner's knowingly directed service to an address it knew to be incorrect. **See Central Penn National Bank**, 523 A.2d at 1169. LRM made no claim that Kitner's, like the plaintiff in **Grady**, knew the 2500 Eastern Boulevard was incorrect yet purposefully continued to send service to that address. LRM likewise offered no evidence why Kitner's should have known that the address on two checks was the proper address for service. Any assertion that Kitner's should have

used the 2101 Elim Street address depended upon matters outside the record and therefore cannot support a petition to strike. **See Liquid Carbonic Corp.**, 416 A.2d at 550.

Because no fatal defect is apparent on the face of the record and the prothonotary possessed authority to enter judgment, we grant no relief on LRM's argument that this Court should strike the default judgment. Thus, LRM's first issue is without merit.

LRM next contends that the trial court erred in denying its petition to open because Kitner's failed to comply with Pa.R.Civ.P. 440 in serving legal papers other than original process. It is well settled:

> The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law. . . . An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused.

**Roy**, 273 A.3d at 1186-87 (citation omitted).

"Unlike a petition to strike a judgment, 'a petition to open a judgment is an appeal to the equitable powers of the court.'" **Id**. at 1186 (citations omitted). "[A] default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint." **Id**. at 1187 (citation omitted). Failure to satisfy any one prong

requires denial of the petition. *See id*. at 1188–89. The party seeking to open the judgment bears the burden of presenting sufficient evidence to support its asserted defenses. *See id*. at 1188.

"[W]here the party seeking to open a judgment asserts that service was improper, a court must address this issue first before considering any other factors." *Jacks Auto Parts Sales, Inc. v. MJ Auto Body and Repair, LLC*, 305 A.3d 162, 167 (Pa. Super. 2023) (citation omitted). The petitioner bears the burden of establishing that service was improper. *See id*.

Rule 440 governs service of legal papers other than original process. It provides, in relevant part, that "[i]f there is no attorney of record, service shall be made by handing a copy to the party or by mailing a copy [to] the address endorsed on an appearance or prior pleading," or to the party's residence or place of business. Pa.R.Civ.P. 440(a)(2)(i). "If such service cannot be made, service shall be made by leaving a copy at or mailing a copy" to the party's last known address. Pa.R.Civ.P. 440(a)(2)(ii). Service by mail is complete upon mailing. *See* Pa.R.Civ.P. 440(b).

LRM argues that Kitner's failed to comply with Rule 440 because, after the sheriff personally served the writ of summons, Kitner's mailed all subsequent filings — including the complaint and the Rule 237.1 ten-day notice — to 2500 Eastern Boulevard rather than to its alleged principal place of business at 2101 Elim Street. LRM contends that, as a result, it did not receive the complaint, the Rule 237.1 notice, or any other filings.

The trial court rejected this contention, reasoning:

As an initial matter, . . . the parties did not list an address for service in the contract. Further, LRM's registered address with the Department of State is not actually an address[;] instead the registered address is Legalinc Corporate Services, Inc. Consequently, Kitner's served the address that was listed on LRM's website, 2500 Eastern [Boulevard], as it was located in York County and appeared to be where they do business. It is uncontested that LRM received the writ of summons, as [it was] personally served as a result of the sheriff contacting them regarding the writ of summons that was to be served at 2500 Eastern [Boulevard]. Moreover, there is nothing to indicate that LRM ever attempted to inform opposing counsel, the sher[]iff's office, or the prothonotary that the 2500 Eastern [Boulevard] address was an incorrect address. Additionally, LRM did not supply the address that they now claim is their correct and only address.

Due to LRM's receipt of the writ of summons and lack of counsel, Kitner's continued to serve the 2500 Eastern [Boulevard] address. . . . In light of the above discussion, all of the legal papers that Kitner's mailed were in accordance with and satisfied [its] obligation under [Rule] 440.

Trial Court Opinion, 7/28/25 at 3-4 (unnecessary capitalization omitted).

We discern no abuse of discretion. *See Roy*, 273 A.3d at 1187. Rule 440 permits service by mail to a party's residence, place of business, or last known address. *See* Pa.R.Civ.P. 440(a)(2). It does not require proof of actual receipt, and service is complete upon mailing. *See* Pa.R.Civ.P. 440(b). The record established that LRM's website publicly identified 2500 Eastern Boulevard as its address at the time the action commenced. LRM's Department of State filing listed only the name of a commercial registered agent, and not a physical address. The writ of summons listed the 2500 Eastern Boulevard address, and Myers personally accepted service of that writ. Despite that notice, LRM did not provide Kitner's or the trial court with an

alternative address before the court entered default judgment. The prothonotary did not docket any returned mail until after the court entered judgment.

Under these circumstances, the trial court reasonably concluded that Kitner's service of the filings at 2500 Eastern Boulevard complied with Rule 440. Rule 440 does not require a plaintiff to investigate beyond a defendant's publicly identified business address, absent notice that the address is incorrect. Because the mailings complied with Rule 440 and were complete upon mailing, LRM failed to establish defective service. **See Jacks Auto Parts**, 305 A.3d at 167. Thus, LRM's second issue lacks merit.

LRM's third and fourth issues challenge the trial court's denial of its petition to open default judgment. LRM asserts that the trial court erred in concluding that it failed to establish a reasonable excuse for not filing a responsive pleading. Finally, LRM argues that the trial court erred in denying its petition to open because it satisfied the three-part test governing such relief. To open a default judgment, the moving party must establish: (1) that it promptly filed the petition; (2) a reasonable excuse or explanation for failing to file a responsive pleading; and (3) a meritorious defense. **See Roy**, 273 A.3d at 1187. Failure to satisfy any one prong requires denial. **See id**. at 1188-89.

This Court "makes a distinction between corporations and laypersons with regard to opening judgments[. We have] emphasized . . . that . . . a corporate defendant [should have in place the] means to monitor its legal

claims." ***Myers v. Wells Fargo Bank, N.A.***, 986 A.2d 171, 177 (Pa. Super. 2009) (citation omitted).

> With respect to promptness, our Court has explained:
>
> The timeliness of a petition to open a judgment is measured from the date that notice of the entry of the default judgment is received. The law does not establish a specific time period within which a petition to open a judgment must be filed to qualify as timeliness. Instead, the court must consider the length of time between discovery of the entry of the default judgment and the reason for delay.
>
> * * * *
>
> In cases where the appellate courts have found a "prompt" and timely filing of the petition to open a default judgment, the period of delay has normally been less than one month.

***Id***. at 176 (citations omitted).

"Whether an excuse is legitimate . . . depends upon the specific circumstances of the case." ***ABG Promotions v. Parkway Publishing, Inc.***, 834 A.2d 613, 616 (Pa. Super. 2003) (*en banc*). "The rules permitting the entry of default judgments were designed to prevent a dilatory defendant from unreasonably thwarting [a] plaintiff's efforts to establish a claim." ***Id***. at 618.

LRM argues that the trial court should have opened the default judgment because: (1) it promptly filed its petition six days after learning of the judgment when its bank account was garnished; and (2) it had a reasonable excuse for failing to respond — namely, that Kitner's mailed the complaint and Rule 237.1 notice to an incorrect address. LRM further avers that it pleaded meritorious defenses: that Kitner's failed to perform the contracted

landscaping services as required; performed work improperly or incompletely; caused property damage; and submitted invoices for work that it either did not perform or performed deficiently. LRM maintained that, if proven, these defenses would justify relief from the judgment. LRM further contends that the trial court improperly shifted the burden of proper service onto it, faulting it for failing to correct the 2500 Eastern Boulevard address. According to LRM, the court should have held Kitner's to its obligation to comply with the Rules of Civil Procedure.

The trial court denied relief, finding that LRM failed to establish a reasonable excuse for failing to file a responsive pleading. The trial court explained:

> The primary issue in this case is whether LRM provided a reasonable excuse or explanation for failing to file a responsive pleading. We conclude[] that [it] did not. [The trial court received the first notice of mail returned as undeliverable on July 15, 2024, nearly a year after the sheriff served Meyers with the writ of summons and after the prothonotary entered default judgment against LRM.]
>
> LRM asserts that the 2500 Eastern [Boulevard] address was chosen when they were creating their website, as they needed to provide an address in order to create the website. It is unclear why this address was chosen, and never updated, instead of the 2101 Elim [Street] address that LRM claims is their correct and only address. Importantly, when viewing LRM's website and the address listed with the Department of State, the 2101 Elim [Street] address was not provided. As such, the only appearance of the 2101 Elim [Street] address is contained in two of the checks that LRM used to pay Kitner.[] This is insufficient to establish that Kitner's erred in serving the 2500 Eastern [Boulevard] address as opposed to the 2101 Elim [Street] address.

- 19 -

The crux of this matter is the lack of action taken by LRM after receiving the writ of summons. While we do not mean to suggest that a writ of summons inherently necessitates action, LRM's inaction in this case is why [it] continued to be served at the 2500 Eastern [Boulevard] address. This inaction on [its] part does not provide a reasonable excuse or explanation as to why [it] failed to file a responsive pleading. LRM received the writ of summons, which was addressed to the 2500 Eastern [Boulevard] address. At this point if [it] wanted to be served at the 2101 Elim [Street] address, [it] should have done one of or a combination of the following: (1) retain counsel;[] (2) inform opposing counsel that 2500 Eastern [Boulevard] was the wrong address; (3) inform the sher[]iff's office that 2500 Eastern [Boulevard] was the wrong address; (4) inform the prothonotary that 2500 Eastern [Boulevard] was the wrong address; (5) monitor the docket [itself]; or (6) inform any and all of the above parties that LRM was to be served at the 2101 Elim [Street] address. Instead, LRM took no action, which is why [it] continued to get served at the 2500 Eastern [Boulevard] address. [A]s of September 3, 2024, more than a year after LRM received the writ of summons, LRM's website continued to list [its] address as 2500 Eastern [Boulevard].

In essence, LRM allowed both Kitner's and the court to believe that [its] address was the 2500 Eastern [Boulevard] address. It was not until [its] bank account was garnished that LRM decided to mention that [its] correct and only address is actually located at 2101 Elim [Street], despite the fact that this address never appeared on either [its] website or [its] filings with the Department of State. Accordingly, [the trial court] found that LRM failed to provide a reasonable excuse or explanation as to why [it] failed to provide a responsive pleading. . . .

Trial Court Opinion, 7/28/25 at 4-6 (unnecessary capitalization and footnote omitted).

Under these circumstances, the trial court did not override or misapply the law in concluding that LRM's inaction did not constitute a reasonable excuse. *See Roy*, 273 A.3d at 1187. Even assuming arguendo that LRM promptly filed its petition upon learning of the execution, it failed to satisfy

the second prong of the three-part test governing petitions to open — that it provide a reasonable excuse or explanation for its failure to respond to the complaint. **See id**. LRM received personal service of original process. Despite having actual notice that litigation was pending, LRM did not retain counsel, monitor the docket, notify Kitner's or the trial court that its address was incorrect, or take any affirmative step to ensure that subsequent legal papers would reach it.

Corporate litigants have an obligation to monitor and respond to litigation. **See Myers**, 986 A.2d at 177. A defendant who receives personal service of a writ of summons bears responsibility to take reasonable measures to protect its interests. **See id**. The rules governing default judgments exist to prevent defendants from delaying or frustrating resolution through inaction. **See ABG Promotions**, 834 A.2d at 618.

LRM remained inactive for nearly a year after receiving personal service of the writ of summons. It sought relief only after execution proceedings garnished its bank account. While a petition to open invokes the trial court's equitable powers, LRM has not shown that Kitner's engaged in wrongful conduct or acted in bad faith in relying on the address LRM itself made public.

Although LRM attempted to characterize the 2500 Eastern Boulevard address on its website as fictitious or merely a "pin drop," it offered no persuasive explanation as to why Kitner's should not have relied on that publicly displayed address when serving subsequent filings. LRM likewise did not explain why it chose not to list its actual business address on its website.

In light of these circumstances, we conclude the trial court acted within its discretion in finding that LRM failed to demonstrate a reasonable excuse for its failure to respond. Because LRM did not satisfy the reasonable-excuse prong, we need not examine whether it established a meritorious defense. ***See Roy***, 273 A.3d at 1188–89. Accordingly, LRM's third and fourth issues fail.

For the foregoing reasons, we determine that none of LRM's issues merit relief. We thus affirm the order denying its petition to open the default judgment against it.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/24/2026