J-A28031-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARBIA E. AND KRISTINA M. | : | |
| STEINOUR | : | |
| | : | No. 596 MDA 2025 |
| Appellants | : | |

Appeal from the Judgment Entered April 25, 2025
In the Court of Common Pleas of York County Civil Division at No(s):
2025-SU-000009

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED DECEMBER 30, 2025**

Arbia E. Steinour and Kristina M. Steinour (collectively "the Steinours")
appeal *pro se* from the judgment in mortgage foreclosure entered in favor of
Wells Fargo Bank, N.A. ("Wells Fargo").  We affirm.

In 2012, the Steinours executed a note in the amount of $147,959,
which was secured by a mortgage on property located at 149 Meadow Brook
Lane, Abbottstown, Pennsylvania.  The mortgage was duly recorded in the
office of the recorder in York County.  The mortgage was eventually assigned
to Wells Fargo, which is the current holder of the note and mortgage.
Commencing in August 2021, the Steinours defaulted on the mortgage by
failing to make the required monthly mortgage payments, and thereafter
failed to cure the default.

The trial court set forth the subsequent factual and procedural history as follows:

> On January 2, 2025, [Wells Fargo] filed its complaint in mortgage foreclosure. The complaint was served upon [the Steinours] via sheriff's service on January 10, 2025. [Wells Fargo's complaint was endorsed with a notice to defend; therefore, the Steinours' response was due within twenty days, or by January 30, 2025. The Steinours] filed neither an answer nor preliminary objections within the 20 days permitted under the rules of civil procedure. However, on February 9, 2025, [after the deadline for such a filing had passed and the pleading period had closed, the Steinours] filed two [*pro se*] documents, one entitled "Notice of Special Appearance," and one entitled "Affidavit of Truth." Neither document contained a notice to plead, and neither document is a recognized pleading under the rules of civil procedure. On February 25, 2025, [Wells Fargo] filed a motion for judgment on the pleadings and supporting brief. [The Steinours] did not file a response to the motion or an opposing brief. On March 1, 2025, [the Steinours] filed a [*pro se*] motion to dismiss[, which consisted of a single page with five short unsupported assertions]. [The Steinours did] not file[] a supporting brief. [Instead, they filed a document entitled "Affidavit in Support of Motion to Dismiss for Lack of Jurisdiction," which consisted of slightly more than a single page of statements in support of dismissal.] That same day[, the Steinours] filed a [*pro se*] document entitled "Formal Objections to Plaintiff's Motion[,]" which did not address any aspect of the motion for judgment on the pleadings. Instead, this single-page document contained six assertions in support of the Steinours' motion to dismiss.] [Wells Fargo] filed no response to this [document]. On March 31, 2025, [the Steinours] filed a document entitled, "Notice of Failure to Respond and Request for Ruling on Motion to Dismiss."

Trial Court Opinion, 5/27/25, at 2-3 (footnotes and unnecessary capitalization omitted)

On April 4, 2025, the trial court entered an order granting Wells Fargo's unopposed motion for judgment on the pleadings and denying the Steinours'

motion to dismiss. The Steinours filed a timely motion for reconsideration which the trial court denied. On April 25, 2025, the trial court entered a judgment in mortgage foreclosure for Wells Fargo. The Steinours filed a timely *pro se* notice of appeal, and the trial court ordered them to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The Steinours complied with this directive.[1] The trial court then authored an opinion pursuant to Rule 1925(a).

In this Court, the Steinours filed a *pro se* appellants' brief. The Steinours then sought leave to file an amended brief. In their motion for leave to amend, the Steinours indicated that, following the submission of their brief, "[they] became aware of procedural deficiencies requiring correction," including "**formatting adjustments**" and "**omitted exhibits**." ***See*** Motion for Leave to File Amended Brief, 7/29/25, at unnumbered 1 (emphasis added). Notably, the Steinours specifically stated in their motion, "***the proposed amendments do not alter the substantive legal arguments***" and "***the***

---

[1] In their court-ordered concise statement, the Steinours identified the following errors for appellate review: (1) the trial court lacked jurisdiction because the note and mortgage were not in Wells Fargo's possession at the time of execution; (2) Wells Fargo had no standing because it failed to show possession of the original note and mortgage at the inception of the lawsuit; (3) the statutory notice of mortgage foreclosure was untimely and therefore defective; (4) the mortgage assignment was defective; (5) the title to the property was clouded by an address error; (6) Wells Fargo failed to account for disputed escrow payments; and (7) the trial court failed to rule on jurisdictional issues (standing, authenticity of the note, and irregularities with assignments and notices). ***See*** Concise Statement, 5/22/25, at unnumbered 1-2.

***amendments are procedural and do not introduce new claims or evidence*.**  ***Id***. at unnumbered 2 (emphasis added, unnecessary capitalization omitted).  While the Steinours' motion for leave to amend was pending, Wells Fargo filed its appellee's brief in response to the issues raised and arguments presented in the Steinours' initial brief.

Thereafter, based on the Steinours' explicit representations that they sought only to make formatting adjustments and add omitted exhibits, this Court granted their motion for leave to file an amended appellants' brief.  However, despite the Steinours' representations that the amendments would not alter the substantive legal arguments or introduce new claims or evidence, they materially altered the ***entirety of their brief*** by making significant substantive changes to virtually every page of the brief.  The Steinours also changed the nature and number of issues raised in the statement of questions involved by altering the four issues previously raised and by adding a fifth issue.  ***See*** Amended Appellants' Brief, 8/28/25, at 6.  Further, the Steinours expanded their brief from nine pages to thirty-three pages, and added several additional issues in the discussion section of their amended brief.

We strongly disapprove of the Steinours' attempt to add new and different issues, as well as new and different legal arguments, ***after*** they represented to this Court that they would not do so and ***after*** Wells Fargo had already filed an appellee's brief responding the specific issues and arguments raised in the Steinours' initial appellants' brief.  Thus, in order to preserve the

- 4 -

integrity of this Court and to prevent unfairness to Wells Fargo, we decline to consider the amended appellants' brief and rely instead on the issues raised and substantive argument presented in the Steinours' initial appellants' brief.[2]

The Steinours raise the following issues for our review:

1. Did the trial court err by granting Wells Fargo's motion for judgment on the pleadings despite [the Steinours'] filing a timely and formal objection?

2. Did the trial court improperly disregard [the Steinours'] *pro se* status and fail to apply leniency recognized under Pennsylvania law?

3. Did Wells Fargo fail to meet the legal requirements for initiating foreclosure by failing to attach a certified or original copy of the note, mortgage, and assignment to its complaint?

4. Did the trial court err by failing to address jurisdictional challenges, irregular assignments, and defective Act 91 notice?

Steinours' Brief at unnumbered 2.

Our standard of review of an order granting judgment on the pleadings is *de novo*, and our scope of review is plenary. ***See Grabowski v. Carelink***

---

[2] We note with disapproval that the Steinours' brief does not conform to our appellate rules of procedure. Pursuant to Pa.R.A.P. 2116(a), "[t]he statement of the questions involved must state concisely the issues to be resolved . . . ." The rule further provides that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." ***Id***. Here, in their statement of questions involved, the Steinours raised the above-identified **four** issues. ***See*** Steinours' Brief at unnumbered 2. However, in the discussion section of their brief, the Steinours have identified and discussed **twelve** issues, most of which are not identified in their statement of questions involved. Thus, as these additional issues were not included in their statement of questions involved or fairly suggested thereby, we decline to address them. ***See*** Pa.R.A.P. 2116(a).

- 5 -

***Community Support Services, Inc.***, 230 A.3d 465, 470 (Pa. Super. 2020).

Further, when reviewing a trial court's order resolving a motion for judgment

on the pleadings, we apply the following standard of review:

> [A]ppellate review of a trial court's decision to grant or deny judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warrant a jury trial. In conducting this review, we look only to the pleadings and any documents properly attached thereto. Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary.

***John T. Gallaher Timber Transfer v. Hamilton***, 932 A.2d 963, 967 (Pa.

Super. 2007) (citation omitted).

Judgment on the pleadings is properly entered in favor of the plaintiff

where the averments of the complaint, if proven, are sufficient to support

judgment in its favor and the defendant's answer admits those averments and

does not plead a legally valid defense to plaintiff's cause of action. ***See Swift***

***v. Milner***, 538 A.2d 28, 31 (Pa. Super. 1988).

Pursuant to the Pennsylvania Rules of Civil Procedure, after a complaint

has been filed and served upon the defendant, "every pleading subsequent to

the complaint shall be filed within twenty days after service of the preceding

pleading . . .." Pa.R.Civ.P. 1026(a).

In lieu of filing an answer to the complaint, a defendant may elect to file

preliminary objections to the complaint within this twenty-day period. ***See***

Pa.R.Civ.P. 1028. Preliminary objections to the complaint may include, *inter*

*alia*, a challenge to the jurisdiction of the trial court over the subject matter

of the action, the failure of the complaint to conform to law or rule of court, or the plaintiff's lack of capacity to sue. *See id*.

If the defendant files an answer to the complaint, "[the] responsive pleading shall admit or deny each averment of fact in the preceding pleading." Pa.R.C.P. 1029(a). "A general denial or a demand for proof," except in limited circumstances not herein presented, "shall have the effect of an admission." Pa.R.C.P. 1029(b). "Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication." *Id*. If the defendant files an answer to the complaint, "all affirmative defenses . . . shall be pleaded in a responsive pleading under the heading 'New Matter.'" Pa.R.C.P. 1030(a).

Importantly, "[a] party waives all defenses and objections which are not presented either by preliminary objection, answer or reply," unless it is a defense that is not required to be pleaded or a nonwaivable defense or objection. *See* Pa.R.Civ.P. 1032(a)

In a mortgage foreclosure action, a mortgage holder is entitled to a judgment of mortgage foreclosure where the mortgage holder pleads, and the mortgagor admits, the existence of the mortgage, that the mortgagor has failed to make payment required by the mortgage and the mortgage is in default, and the amount due under the mortgage. *See Gerber v. Piergrossi*, 142 A.3d 854, 859 (Pa. Super. 2016). Furthermore, "in mortgage foreclosure actions, general denials by mortgagors that they are without information

sufficient to form a belief as to the truth of averments as to the principal and interest owing [on the mortgage] must be considered an admission of those facts." **First Wisconsin Trust Co. v. Strausser**, 653 A.2d 688, 692 (Pa. Super. 1995); **see also Bank of America, N.A. v. Gibson**, 102 A.3d 462, 466-67 (Pa. Super. 2014) (explaining that specific denials are required in mortgage foreclosure actions); Pa.R.C.P. No. 1029(c) *Note*.

Here, the Steinours did not file any answer or preliminary objections within the twenty-day period after they had been served with the complaint in mortgage foreclosure. Thus, they are deemed to have admitted all facts asserted in the complaint.

Against this backdrop, we consider the Steinours' issues on appeal. In their first issue, as identified in their statement of questions involved, the Steinours contend that "the trial court err[ed] by granting Wells Fargo's motion for judgment on the pleadings despite [the Steinours'] filing a timely and formal objection." Steinours' Brief at unnumbered 2. Notably, in its memorandum opinion filed in the trial court on April 25, 2025, the trial court stated, "[Wells Fargo] filed a motion for judgment on the pleadings and supporting brief. [The Steinours] have not filed a brief in opposition to this motion." Trial Court Opinion, 4/25/25, at unnumbered 3.

First, we note that the Steinours have not provided any discussion of this issue in the argument section of their brief. **See** Pa.R.A.P. 2119(a) (providing that "[t]he argument shall be divided into as many parts as there

- 8 -

are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent"). Where an appellant fails to develop his issues on appeal properly, or where his brief is wholly inadequate to present specific issues for review, this Court can decline to address the appellant's claims on the merits. ***See Estate of Haiko v. McGinley***, 799 A.2d 155, 161 (Pa. Super. 2002) (stating appellant must support each question raised by discussion and analysis of pertinent legal authority and that, absent reasoned discussion of law in an appellate brief, the appellant hampers this Court's review and risks waiver). Thus, we could find waiver based on this defect alone.

However, we conclude that this issue is also waived because it was not included in the Steinours' court-ordered Rule 1925(b) concise statement. ***See*** Pa.R.A.P. 1925(b)(4)(vii) (providing that issues not raised in the concise statement are waived); ***see also Krebs v. United Ref. Co. of Pennsylvania***, 893 A.2d 776, 797 (Pa. Super. 2006) (holding that an appellant waives issues that are not raised in the concise statement of errors complained of on appeal); Pa.R.A.P. 302(a) (providing that issues not raised

in the trial court are waived and cannot be raised for the first time on appeal).[3]

Accordingly, the Steinours' first issue merits no relief.

In their second issue, the Steinours contend that the trial court improperly disregarded their *pro se* status and failed to apply leniency recognized under Pennsylvania law. In support, the Steinours point to the trial court's statement that, "On March 1, 2025, [the Steinours] filed a motion to dismiss. [The Steinours] have not filed a supporting brief." Steinours' Brief at unnumbered 7 (*quoting* Trial Court Opinion, 4/25/25 at unnumbered 1). The Steinours claim that their "Affidavit in Support of Motion to Dismiss for Lack of Jurisdiction," which consisted of slightly more than a single page of statements in support of dismissal, should have been regarded as a brief by the trial court.

Once again, we must conclude that this issue is waived, as it was not included in the Steinours' court-ordered Rule 1925(b) concise statement. ***See***

_____

[3] Even if not waived by virtue of its omission from the concise statement, we would have determined that the issue is meritless. The Steinours point to the document they filed which is entitled, "Formal Objection to Plaintiff's Motion," and claim that this was a "timely and formal objection" to the motion for judgment on the pleadings. Steinours' Brief at unnumbered 1. However, our review of that document reflects that it did not address any aspect of the motion for judgment on the pleadings. Instead, it pertained **solely** to the Steinours' claim that the trial court should dismiss the action because it lacked jurisdiction over the matter. **See** Formal Objection to Plaintiff's Motion, 3/1/25, at unnumbered 1-2. Thus, as the Steinours did not file any brief in opposition to the motion for judgment on the pleadings, the motion was unopposed.

Pa.R.A.P. 1925(b)(4)(vii); *see also Krebs*, 893 A.2d at 797; Pa.R.A.P. 302(a).[4] Thus, the Steinours' second issue merits no relief.

In their third issue, the Steinours contend that "Wells Fargo fail[ed] to meet the legal requirements for initiating foreclosure by failing to attach a certified or original copy of the note, mortgage, and assignment to its complaint." Steinours' Brief at unnumbered 2.

Here, we reiterate that the Steinours failed to file either preliminary objections or an answer to the complaint in mortgage foreclosure. By failing to plead any affirmative defenses in a responsive pleading filed within the pleading period, the Steinours waived any objection to the adequacy of the documents attached to the complaint. *See* Pa.R.C.P. 1032(a).

In any event, in a mortgage foreclosure action, the plaintiff is required to state in the complaint, *inter alia*, "the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments . . .." Pa.R.C.P. 1147(a)(1). A complaint in mortgage foreclosure does **not** need to include the original promissory note, mortgage, or any other document. *See Bank of N.Y. Mellon v. Johnson*, 121 A.3d 1056, 1063 (Pa. Super. 2015). Rather, the plaintiff in a mortgage

---

[4] Even if not waived, we would have determined that this issue is meritless, as our review of the documents filed by the Steinours in connection with their motion to dismiss confirms the trial court's determination that none of the documents can be characterized as a brief in support of the Steinours' motion to dismiss.

foreclosure action need only ***plead*** ownership of the mortgage and have the right to make demand upon the note secured by the mortgage. ***See Gerber***, 142 A.3d at 859. Thus, the Steinours' third issue merits no relief.

In their final issue, the Steinours claim that the "trial court err[ed] by failing to address jurisdictional challenges, irregular assignments, and defective Act 91 notice[.]"[5] Steinours' Brief at unnumbered 2. Again, we must conclude that by failing to plead any affirmative defenses in a responsive pleading filed within the pleading period, the Steinours waived any objection to the trial court's *in personam* jurisdiction,[6] the assignment of the mortgage, or the adequacy of the notice of default. ***See*** Pa.R.C.P. 1032(a).

With respect to subject matter jurisdiction, however, an objection to lack of subject-matter jurisdiction can never be waived and may be raised at any stage in the proceedings by the parties or by a court on its own motion. ***See In re Handwriting Exemplar of Casale***, 517 A.2d 1260, 1262 (Pa.

---

[5] ***See*** Homeowner's Emergency Mortgage Act ("Act 91"), 35 P.S. §§ 1680.401c *et seq*. Act 91 sets forth the steps that a mortgagee must take prior to filing a foreclosure action, including certain notices that must be provided to the mortgagor. ***See id***.; ***see also Beneficial Consumer Discount Co. v. Vukman***, 77 A.3d 547, 553 (Pa. 2013).

[6] Jurisdiction over the person may be created by the consent of a party, who thereby waives any objection to defects in the process by which he is brought before the court. ***See Radakovich v. Weisman***, 359 A.2d 426, 429 (Pa. Super. 1976) (holding that jurisdiction over the person may be obtained through consent, waiver, or proper service of process). Here, the Steinours do not contest the propriety of the service of process of the complaint.

1986). Thus, we will address the Steinours' challenge to the trial court's subject matter jurisdiction over the instant action.

The test for whether a court has subject matter jurisdiction inquires into the competency of the court to determine controversies of the general class to which the case presented for consideration belongs. *See Mazur v. Trinity Area School District*, 961 A.2d 96, 101 (Pa. 2008); *see also Harley v. HealthSpark Foundation*, 265 A.3d 674, 687 (Pa. Super. 2021) (holding that "[s]ubject matter jurisdiction is defined as the power of the court to hear cases of the class to which the case before the court belongs, that is, to enter into inquiry, whether or not the court may ultimately grant the relief requested"). Questions "involving the subject matter jurisdiction of the courts of common pleas are questions of law, and, as such, our standard of review is *de novo* and our scope of review is plenary. *See id*.

In this Commonwealth, the subject matter jurisdiction accorded to the courts of common pleas is very broad. Indeed, "[e]xcept where exclusive original jurisdiction of an action or proceeding is by statute or by general rule . . . vested in another court of this Commonwealth, the courts of common pleas shall have *unlimited original jurisdiction of all actions and proceedings*, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas." 42 Pa.C.S.A. § 931(a) (emphasis added).

In support of this issue, the Steinours baldly assert that the trial court lacked subject matter jurisdiction because "[Wells Fargo's] failure to produce verifiable, enforceable instruments invalidates the foreclosure action from inception and strips the trial court of subject matter jurisdiction." Steinours' Brief at unnumbered 4. Without citation to any legal authority, the Steinours assert that "[a]n attempt to enforce or assign the mortgage without a valid note is a legal nullity, divesting the court of jurisdiction to adjudicate foreclosure." *Id*.[7]

The trial court addressed the Steinours' challenge to its subject matter jurisdiction and determined that it lacked merit. The court reasoned:

> The Courts of Common Pleas are the courts of general jurisdiction in this Commonwealth. Subject matter jurisdiction is vested in this court for mortgage foreclosure actions. 42 Pa.C.S.[A.] 931(a). Venue, sometimes mistaken referred to as jurisdiction, is proper in York County, as the property which the subject of this mortgage foreclosure action, is located within York County. Pa.R.C.P. 1006(a)(2). Further, [the Steinours] were served with the complaint within York County. Pa.R.C.P. 1006(a)(1). . . . Thus, [the Steinours] have no viable claim that this court does not have jurisdiction to enter judgment in this matter.

Trial Court Opinion, 5/27/25, at 6 (unnecessary capitalization omitted).

_____

[7] As explained above, a complaint in mortgage foreclosure does **not** need to include the original promissory note, mortgage, or any other document. **See Johnson**, 121 A.3d at 1063. Rather, the plaintiff in a mortgage foreclosure action need only **plead** ownership of the mortgage and have the right to make demand upon the note secured by the mortgage. **See Gerber**, 142 A.3d at 859.

Based on our review, we conclude that the trial court properly exercised its subject matter jurisdiction over the instant mortgage foreclosure action. The nature of a document attached to a complaint in a mortgage foreclosure action does not implicate subject matter jurisdiction, nor does it in any way affect the competency of the trial court to adjudicate the matter.[8] Thus, we conclude that the Steinours' final issue merits no relief.

Having found no merit to any of the Steinours' issues, we affirm the judgment in mortgage foreclosure entered in favor of Wells Fargo.[9]

---

[8] In their concise statement and in their brief, the Steinours asserted that the Act 91 notice provided by Wells Fargo was untimely and that this untimeliness rendered the foreclosure action procedurally defective and improper. *See* Concise Statement at unnumbered 1; *see also* Steinours' Brief at unnumbered 4. Notably, the Steinours did not assert in their concise statement or brief that the allegedly untimely Act 91 notice impacted the trial court's subject matter jurisdiction over the action. Nonetheless, the Steinours advanced this particular claim at oral argument in this matter. However, our Supreme Court has ruled that the Act 91 notice requirements are procedural in nature and do not sound in jurisdiction. *See Vukman*, 77 A.3d at 553 (holding that a foreclosure action does not include the procedural requirements of acting on that cause, and the "assertion that Act 91 imposes jurisdictional prerequisites on mortgage foreclosure actions is not supportable"). Accordingly, our High Court ruled that the provision of a defective Act 91 notice does not deprive the court of subject matter jurisdiction. *Id*. Thus, the Steinours' challenge to the trial court's subject matter jurisdiction on the basis of a defective Act 91 notice necessarily fails.

[9] We are mindful that the Steinours have elected to proceed *pro se*; however, they were nevertheless required to comply with the procedural rules set forth in the Pennsylvania Rules of Court. *See Smithson v. Columbia Gas of PA/NiSource & Maple Grove Enters.*, 264 A.3d 755, 760 (Pa. Super. 2021). Although Pennsylvania courts are willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon a litigant. *See id*. For this reason, any layperson choosing to represent
*(Footnote Continued Next Page)*

Judgment affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/30/2025

---

himself or herself in a legal proceeding must, to some reasonable extent, assume the risk that his or her lack of expertise and legal training will prove his or her undoing.  **_See id_**.